IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 16-cr-02722-MV |
| | ) | |
| **WAYNE MARTIN**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

Defendant Wayne Martin shot and killed at least two dozen protected birds, from robins to hummingbirds to hawks, and sold them to an undercover agent. He admitted his crimes and admitted that he knew it was wrong. Indeed, he pled guilty to the indictment without a plea agreement. But he subsequently failed to appear for his sentencing, and stayed away from the Court for 21 months before his arrest. The United States therefore requests that the Court impose a guideline sentence.

### I.        Procedural history

On June 15, 2016, Defendant Wayne Martin was indicted on a single count of selling migratory birds in violation of the Migratory Bird Treaty Act, 16 U.S.C. §§ 703 and 707(b). Doc. 2.[1] The indictment alleged that Defendant committed the crime on or about February 29, 2012. *Id*. On July 6, 2016, Defendant appeared in court pursuant to a summons. Doc. 7. The Magistrate Judge ordered Defendant to remain on release on his own recognizance during the pendency of the case. Doc. 9. On January 5, 2017, Defendant pled guilty to the charge of the

---

[1] The United States attempted to resolve this matter prior to indictment via target letter, but received no response from Defendant.

indictment without a plea agreement.  Doc. 17.  On July 6, 2017, this Court set the matter for

sentencing on July 26, 2017.  Doc. 20.  On July 12, 2017, the United States moved to continue

the sentencing due to a scheduling conflict.  Doc. 21.  The Court granted the motion.  Doc. 22.

On July 28, 2017, the Court set the matter for sentencing on August 8, 2017.  Doc. 23.  On

August 8, 2017, Defendant failed to appear for his sentencing.  Doc. 24.  The Court continued

the case for one day, in order to give Defendant an additional chance to avoid a bench warrant.

*Id*.  On August 9, 2017, Defendant again failed to appear for his sentencing, and the Court issued

a bench warrant for his arrest.  Doc. 25.  On May 8, 2019, Defendant was arrested on the

warrant.  Doc. 27.

## II.   Sentencing Factors

Title 18 U.S.C. § 3553(a) provides that the Court shall impose a sentence sufficient, but

not greater than necessary, to accomplish the goals of the criminal justice system.  18 U.S.C.

§ 3553.  Section 3553 provides a non-exhaustive list of seven factors for the Court to consider in

determining an appropriate sentence.  *Id*.  In this memo, we focus on the factors most pertinent to

this case.

### a.   The Nature and Circumstances of the Offense

U.S. Fish and Wildlife Service agents learned that Defendant was hunting and killing

migratory birds and offering the bird parts and feathers for sale.  PSR ¶ 6.  An agent posed as an

out-of-state drum maker on a buying trip, and arranged to meet Defendant at his home.  PSR ¶ 7.

On February 29, 2012, the undercover agent met Defendant at his home and negotiated the

purchase of feathers and parts of multiple birds for a total of $600.  PSR ¶ 9-11.  During the

meeting, a man came to the house; Defendant hid the bird parts from the visitor and explained

that the visitor was "from the village" and "would say something" if he saw Defendant selling bird parts. PSR ¶ 10.

Following the sale, the agent returned to Defendant's home and revealed that he was a federal law enforcement officer. PSR ¶ 12. Defendant admitted that he understood why federal law enforcement was there. *Id.* He admitted that he knew he was not supposed to kill the birds that he did. *Id.*

Defendant described the birds as three hawks, two bluebirds, a woodpecker, two blue jays, two hummingbirds, one yellow bird, four sparrow hawks, one other hawk-sparrow, one frozen hawk, and three song birds. PSR ¶ 13. Morphological analysis determined that the collection of parts and feathers included at least one Western Scrub-Jay, Hairy Woodpecker, Killdeer, Bullock's Oriole, Western Bluebird, American Robin, Broad-tailed Hummingbird, Downy Woodpecker, Merlin, American Kestrel, and Red-tailed Hawk. The wings and bodies came from at least 12 different hummingbirds.

b. The History and Characteristics of the Defendant

While this case is his only criminal charge involving protected wildlife, Defendant's criminal record includes two convictions for driving while intoxicated and at least three additional DWI arrests not resulting in conviction. PSR ¶¶ 30-31, 38, 44-45. He was on supervision in one of the DWI cases while he committed the current offense. PSR ¶ 34. His criminal history score is five and his criminal history category is III. PSR ¶ 35. His record includes multiple charges not resulting in conviction which therefore do not contribute to his criminal history category. PSR ¶¶ 38-43.

c.   The Need for the Sentence to Promote Respect for the Law

Defendant's failure to appear for his sentencing implicates respect for the law.  In addition to failing to appear, he remained at large for approximately 21 months before being arrested.  The Court gave him an additional chance to avoid a bench warrant, in case the rescheduling of the hearing created any confusion.  If his failure to appear had been the result of confusion, he would have rectified it promptly.  Instead, the facts show that he intentionally avoided his sentencing hearing.  The Court's sentence ought to reflect the fact that an individual cannot deny the Court's authority by avoiding it.

d.   The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct

The current crime is extremely difficult to detect.  It is almost impossible to know when an individual kills protected wildlife in New Mexico's vast open space and wilderness areas.  It is difficult to determine responsibility once the slain birds enter the stream of commerce.  When likelihood of apprehension is low, people considering criminal activity will not be deterred unless the punishment is substantial.

III.    Sentencing guidelines

The United States concurred with the guidelines calculation in the Presentence Report when it was written and released.  That is, the base offense level is 6.  *See* USSG §2Q2.1.  The offense was committed for pecuniary gain, and involved a pattern of similar acts, and therefore merits a 2-level increase.  *See* USSG §2Q2.1(b)(1).  The PSR includes an offense level decrease of two levels for acceptance of responsibility which was appropriate at the time.  PSR ¶ 26.  At this time, however, Defendant has failed to take responsibility by failing to appear for sentencing and by attempting to avoid the criminal case for approximately 21 months.  Therefore, the

United States submits that the offense level is 8.  An offense level of 8 and a criminal history category of III combine to generate a guideline imprisonment range of 6-12 months.

### IV.     Forfeiture and Fines

The United States requests forfeiture of the firearm described in the indictment.  *See* Doc. 2.  Defendant admitted using the firearm to kill the birds he sold.  PSR ¶ 11.

Federal regulations provide that "the sums received under section 707 of this title as penalties or fines, or from forfeitures of property are authorized to be appropriated to the Department of the Interior for purposes of allocation under section 4407 of this title."  16 U.S.C.A. § 4406 (West).  Therefore, the United States requests that any fine be deposited into the North American Wetlands Conservation Fund (NAWC).

### <u>Final Request and Recommendation</u>

The United States requests that the Court sentence Defendant to a term of imprisonment within the sentencing guidelines.  Because Defendant committed the criminal conduct for financial gain, the United States recommends that the Court include a fine of at least the value of the sale – $600 – to be deposited into the North American Wetlands Conservation Fund.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney


*/s/ Filed Electronically*
JEREMY PEÑA
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

I HEREBY CERTIFY that on May 28, 2019, I filed the
foregoing electronically through the CM/ECF system, which

caused all counsel of record to be served by electronic means,
as more fully reflected on the Notice of Electronic Filing.

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney