IN THE UNITED STATES COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              No.:  16CR2722 MV

WAYNE MARTIN,

        Defendant.

## **DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, the Defendant, Wayne Martin, by and through his attorney, John V. Butcher, Assistant Federal Public Defender, and request that this Court impose a sentence of time served with one (1) year of supervised release. In the alternative, if the Court chooses to impose a guideline sentence, Mr. Martin would request the Court impose a term of ten (10) months with five (5) months being served in the Bureau of Prisons and five (5) months to be completed in a halfway house or home detention with no additional term of supervised release.

In support of this request, Mr. Martin states as follows:

1. Due to the fact that Mr. Martin missed his last sentencing hearing, the Probation Office has not only removed his two (2) points for acceptance of responsibility, but have added two (2) additional points for obstruction of justice.

Thus, he has moved from a 2-8 month sentencing range in Zone B to a 10-16 month sentencing range in Zone C.

2. Due to changes in his personal life and problems with his family including his father dying, Mr. Martin reacted poorly and did not attend his last sentencing hearing. Mr. Martin makes no excuse for that, but stability has now returned to his life. He has been able to find a place to live by exchanging work for rent. Additionally, he has been able to start supporting himself by doing odd construction jobs and teaching art to school children.

3. Despite not appearing for his last sentencing, there is nothing that significantly changes the analysis of the sentencing factors under 18 U.S.C. § 3553(a). Mr. Martin is not a danger to the community nor does he need to be incarcerated to protect the public. Just punishment and rehabilitation can be metered out by a term of supervised release.

4. During his absent, Mr. Martin has not engaged in any additional criminal behavior. He has remained sober. In fact, he was arrested on his way to work because he drove by an officer that knew him.

5. Mr. Martin has long ties to his community. It was unfortunate that a dispute with his brother over his father's house led to the undoing. However, little would be served by incarcerating Mr. Martin for a significant term of imprisonment. Moreover, it is undisputed that supervision is a form of punishment.

6.      If the Court rejects Mr. Martin's request for a time served sentence, Mr. Martin would ask that the Court impose a Zone C sentence that splits the time served between the Bureau of Prisons and time on home detention and/or a halfway house.[1] As long one half of the minimum term of imprisonment is satisfied, the remaining term of imprisonment for a Zone C sentence can be served by community confinement or home detention.  U.S.S.G. § 5C1.1(d)(2). Thus, a ten (10) month sentence with five (5) months served in the Bureau of Prisons and five months in community confinement or home detention would be a guideline sentence in this case. The statute would not require a further term of supervision. However, in fact, Mr. Martin would receive the equivalent of five (5) months of supervision while in community confinement or home detention.

7.      While Mr. Martin did a very foolish thing by not appearing for court, it does not significantly change the sentencing factors under 18 U.S.C. § 3553(a), nor does it warrant a lengthy period of incarceration. While a sentence of time served and one (1) year of supervision would be a reasonable and just punishment, Mr. Martin would ask that under no circumstances the Court impose a greater sentence than ten (10) months with half of the term served in community confinement or on home detention.

---

[1] It is the Department of Justice policy that the first half of sentence will be served by incarceration and there will be no substitution for placement in a halfway house or home detention.

8. Given that Mr. Martin has limited funds and is attempting to reestablish himself in his community in a stable living environment, he would oppose the Government's request that a fine be imposed beyond the special assessment.

WHEREFORE, based on the foregoing, Mr. Martin respectfully requests that this Court impose a sentence of time served with a term of one (1) year supervised release. In the alternative, Mr. Martin would request a sentence of ten (10) months with five (5) of the sentence served in community confinement or home detention with no additional term of supervised release.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

 /s/ *filed electronically on 6/7/19*
JOHN V. BUTCHER, AFPD
Attorney for Defendant